**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | **Case No. 26-10906-DER** |
| **BERNALDO DANCEL,** | * | **(Chapter 7 )** |
| **Debtor.** | * | |

* * * * * * * * * * * * *

**TRUSTEE'S MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY**
**(6073 Majors Lane, Unit 3, Columbia, Maryland 21045)**

Craig B. Leavers, the Chapter 7 Trustee herein (the "Trustee"), files this motion seeking entry of an Order compelling the Debtor to turnover estate property (the "Motion"). In support of the Motion, the Trustee states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E).

**Background**

2. The debtor herein (the "Debtor") commenced the above-captioned bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition under chapter 7 of the Bankruptcy Code on January 28, 2026 (the "Petition Date").

3 The Trustee was appointed to serve as interim trustee in the Bankruptcy Case, and no other trustee was appointed at the Debtor's meeting of creditors held on February 27, 2026 (the "Meeting of Creditors").

***A. The Debtor's Condominium***

4. As shown on his Schedules A and D, the Debtor holds an unencumbered, undivided fee simple interest in that condominium commonly known as 6073 Majors Lane, Unit 3, Columbia, Maryland 21045 (the "Condominium").

5. The Condominium has a Zillow value of $180,000.00 and a Redfin value of $182,400.00.

6. One of the Debtor's sons resides in the Condominium due to health issues that prevent him from working and fully supporting himself.

7. At the onset of the Bankruptcy Case (prior to the Meeting of Creditors), the Debtor, through his counsel, expressed a desire to purchase the Condominium from the estate. The Trustee agreed, and the parties discussed a course of action going forward to include, among other things, obtaining an evaluation of the Condominium so as to ensure a purchase price that was commensurate with its market value.

***B. The Trustee's First Turnover Request***

8. During the course of the following month, the Debtor ceased responding to emails and telephone calls concerning the Debtor's desire to purchase the Condominium. As such, by that letter dated, mailed and emailed on April 8, 2026, the Trustee requested the turnover of the Condominium and instructed the Debtor's legal counsel to have the Debtor contact the Trustee's Realtor for the purpose of marketing and selling the Condominium. A true and correct copy of that letter is attached hereto as ***Exhibit A***, and is incorporated herein by reference.

9. In response to the aforementioned letter, the Debtor's legal counsel telephoned the Trustee and informed him that the Debtor still desired to purchase the Condominium. During a telephone conversation on April 24, 2026, the parties agreed that the Debtor would obtain an

appraisal of the Condominium so as to ensure a purchase price that was commensurate with its market value.

***C. The Trustee's Second and Current Turnover Request***

10. Approximately a month later, on May 19, 2026, the Trustee emailed the Debtor's legal counsel and inquired as to the status of the appraisal on the Condominium. On May 28, 2026, the Debtor's legal counsel informed the Trustee that an appraisal was scheduled for June 4, 2026.

11. Having not received an appraisal or an update on obtaining an appraisal, on July, 9, 2026, the Trustee emailed the Debtor's legal counsel and requested "the turnover of the Condominium to [the Trustee's Realtor] for the purpose of marketing and selling the Condominium." That email further instructed the Debtor's legal counsel to "have [the Debtor] contact [the Trustee's Realtor] at (301) 660-6272 ext. 700 within the next seven (7) calendar days to make arrangements for the turnover."

12. The Debtor's legal counsel quickly responded to the Trustee's email, stating, "Understood, I have forwarded this [email] to my client." A true and correct copy of the aforementioned emails are attached hereto as ***Exhibit B***, and is incorporated herein my reference.

13. As of today, July 20, 2026, the Debtor has not yet contacted the Trustee's Realtor.

**Legal Standards**

14. The Property is property of the estate. 11 U.S.C. § 541(a).

15. "[A]ny entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property

or the value of such property, unless such property is of inconsequential value or benefit to the estate..” 11 U.S.C. § 542(a).

16. Further, the Debtor is required “cooperate with the trustee as necessary to enable the trustee to perform the trustee’s duties” under the Bankruptcy Code and “to surrender to the trustee all property of the estate . . . .” 11 U.S.C. § 521(a)(3), (4).

**Requested Relief**

17. As shown above, the Condominium is property of the Debtor’s bankruptcy estate and is not of inconsequential benefit to the estate.

18. The Debtor is refusing to cooperate with the Trustee’s request for access to the Condominium.

19. The Trustee therefore requests entry of an order (1) compelling the Debtor to grant the Trustee’s Realtor access to the Condominium within ten (10) calendar days after the entry of an Order granting the Trustee’s requested relief; and (2) compelling the Debtor to cooperate with the Trustee and any of his professionals, to include the Trustee’s Realtor, in grating future access to the Condominium for the purposes of marketing, showing, and selling the Condominium.

20. As required by Local Bankruptcy Rule 9013-2, the Trustee hereby states that no memorandum will be filed and that he will rely solely upon this Motion.

**WHEREFORE**, the Craig B. Leavers, Trustee, respectfully requests the following relief:

(A) That this Court enter an Order (1) compelling the Debtor to grant the Trustee’s Realtor access to the Condominium within ten (10) calendar days after the entry of an Order granting the Trustee’s requested relief; and (2) compelling the Debtor to cooperate with the

Trustee and any of his professionals, to include the Trustee's Realtor, in grating future access to the Condominium for the purposes of marketing, showing, and selling the Condominium.; and

(B) That Craig B. Leavers, Trustee, be granted such other and further relief as is just and equitable.

/s/ Craig B. Leavers

Craig B. Leavers, Bar No. 26914
P.O. Box 306
Cockeysville, Maryland 21030
(443) 318-4526
Craig@LeaversLaw.com

*Attorney for Chapter 7 Trustee*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the 20th day of July, 2026, a copy of the foregoing was served on the parties listed below by electronic service via CM/ECF:

Jeffery Thomas Martin, Jr.
Martin Law Group, PC
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
*(Attorney for Debtor)*

And on the parties listed below by first class mail, postage prepaid:

Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Bernaldo Dancel
9287 Pearch Lane
Boynton Beach, FL 33437
*(Debtor)*

/s/ Craig B. Leavers
Craig B. Leavers