# EXHIBIT A

# CRAIG B. LEAVERS, CHAPTER 7 TRUSTEE

P.O. BOX 306
COCKEYSVILLE, MARYLAND 21030

Craig@LeaversLaw.com PHONE (443) 318-4526


April 8, 2026

***SENT VIA FIRST CLASS MAIL AND BY EMAIL (diana@martinlawgroup.com)***

Martin Law Group
ATTN: Diana P. Dias, Esq
8065 Leesburg Pike, Suite 750
Vienna, Virginia 22182

Re: *In re Bernaldo Dancel*, Case No. 26-10906-DER (the "Bankruptcy Case")
Turnover Requests

Ms. Dias -

I am following up on a number of my emails to which you have not responded concerning two matters. First, as we discussed in our email exchange on February 26, 2026, I agreed to provide your client the opportunity to purchase the equity in his condominium located at 6073 Majors Lane, Unit 3, Columbia, Maryland 21045 (the "Condominium"). I informed you that I would obtain a bar date and then, depending on the amount of claims filed, discuss with you how much equity is to be purchased after the bar date passes. On March 9, 2026, I emailed to inform you that the amount of claims filed in the case thus far exceeds the estimated fair market value of the Condominium. As such, I told you that we needed to start working towards a purchase of the equity in the Condominium and suggested that we come to some sort of agreement as to its value. I then asked if your client has a recent appraisal of the Condominium or if he can get one. You did not respond to my email.

Second, also on March 9, 2026, I emailed you and requested "(1) the settlement statement for the house your client sold in Delaware in 2025; and (2) bank statements reflecting where the net sale proceeds from that sale went." I noted that your client testified that he put all the net sale proceeds into NAVA Health Care. Nevertheless, I informed you that I needed to see the bank statements reflecting the expenditure of the net sale proceeds. "If it actually went elsewhere," I added, "I need to see where it went. Basically, I need an accounting of that money." You neither responded to that email nor provided me with the requested documents.

On March 30, 2026, I called you and left a voicemail, as well as emailed you, concerning the aforementioned March 9, 2026 emails. In both my voicemail and email I asked you to call me to discuss (1) your client's desire to purchase the equity in the Condominium and (2) my request for the documents concerning the net sale proceeds from the sale of your client's house in Delaware. You have neither responded to my email nor my voicemail.

In light of the foregoing, this letter is to request, pursuant to 11 U.S.C. §§ 521(a)(4) and 542, the turnover of the Condominium to my realtor, Marc Cormier, for the purpose of marketing and selling the Condominium. Your client's son can remain living in the Condominium until it is sold, but he will have to vacate the property prior to closing. The son will need to cooperate and not interfere with Mr. Cormier's efforts to market and sell the Condominium. Your client will receive his claimed exemption of $25,000.00 after his son has vacated the property. Please have your client contact Mr. Cormier at (301) 660-6272 ext. 700 to make arrangements for the turnover.

This is also another request, pursuant to 11 U.S.C. § 521(a)(4), for (1) the settlement statement for the house your client sold in Delaware in 2025; and (2) bank statements reflecting the expenditure of all the net sale proceeds.

I will give you ten (10) calendar days from the date of the letter to comply with the foregoing requests.

Best regards,

Craig B. Leavers, Trustee

Cc: Marc Cormier *(via email)*
cormier64@gmail.com

Martin Law Group
ATTN: Jeffery Thomas Martin, Jr., Esq
8065 Leesburg Pike, Suite 750
Vienna, Virginia 22182